IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEON LAMONT HICKS,<br><br>A.k.a. "DeeDee,"<br><br>Defendant. | Criminal No. 3:24-cr-121-RCY |

## STATEMENT OF FACTS

The United States and the defendant, DEON LAMONT HICKS, A.K.A. "DEEDEE," (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On or about May 7, 2024, in the Eastern District of Virginia, the defendant did knowingly and intentionally distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and did knowingly use and carry a firearm, during and in relation to a felony drug trafficking crime for which he may prosecuted in a court of the United States, to wit: distribution of methamphetamine, in violation of Title 18, United States Code, Section 924(c).

2. In March 2024, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), initiated a proactive investigation into Violent Crime Initiative ("VCI") areas of the City of Richmond, Virginia, which included Fairfield, Mosby, and Gilpin Courts. Between March 20, 2024 and July 30, 2024, ATF conducted numerous controlled purchases of firearms and narcotics, utilizing professional confidential informants ("CIs"). The controlled purchases were

1

all made in the VCI areas or involved individuals from those areas. The controlled purchases and interactions between the CIs and dealers were captured on electronic surveillance devices.

3. In March 2024, a CI was introduced to the defendant as someone from whom the CI could purchase guns and drugs. Between April 4, 2024, and May 8, 2024, the defendant brokered six deals between the CI and individuals who sold guns to the CI. The guns included a Diamondback Arms DB9, 9mm handgun, bearing serial number MA2096, a Ruger, Max-9, 9mm Pistol, bearing serial number 350183262, a Taurus Revolver, Model Judge, bearing serial number ABG40869, a Glock, Model 20, 10mm Pistol, bearing serial number HAX242, a Privately Made Firearm ("PMF"), pf940C, 9mm handgun, and a stolen Ruger, EC9S, 9mm, bearing serial number 45509560. The Taurus Revolver, Model Judge, bearing serial number ABG40869, was stolen from a Federal Firearms License Dealer less than 48 hours before it was sold to the CI. The CI paid over $2,000 for the firearms and over $300 to the defendant to broker the gun deals.

4. On May 2, 2024, the defendant sold the CI what were purported to be 22 ecstasy pills for $80. The pills were submitted to the Drug Enforcement Administration ("DEA") Mid-Atlantic Laboratory ("Lab"), where they were confirmed to be approximately 7 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. On May 3, 2024, the defendant sold the CI what were purported to be 20 ecstasy pills for $200. The pills were submitted to the DEA Lab, where they were confirmed to be approximately 7 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. On May 7, 2024, the defendant sold the CI what were purported to be 10 ecstasy pills for $100. The pills were submitted to the DEA Lab where they were confirmed to be approximately 3.5 grams of a mixture and substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance. On May 8, 2024, the defendant sold the CI what were purported to be 20 ecstasy pills for $200. The pills were submitted to the DEA Lab where they were confirmed to be approximately 7 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. On each occasion when the defendant sold drugs to the CI, the defendant was visibly armed with his own firearm. During the distribution on May 7, 2024, the firearm was clearly visible, tucked into the defendant's waistband, which was captured on video.

5. In addition to selling illegal narcotics to the CI, the defendant also aided in the sale of firearms to the CI by defendant's codefendant, Corry Antoine Woody, Jr. ("Woody"). On May 6, 2024, the defendant arranged a firearm deal, during which Woody sold the CI a stolen Smith & Wesson, M&P Shield, 9mm pistol, bearing serial number JDM9260, for $545, as well as an Aero Precision, multi-caliber AR-pistol, bearing serial number X575365. During the deal, the CI told both the defendant and Woody that the CI was "going back up," indicating that he would be taking the firearms to New Jersey. On May 7, 2024, defendant arranged another firearm deal during which Woody sold the CI a Privately Made Firearm ("PMF"), pf940C, 9mm, which was affixed with a "switch," for $1,200. On May 8, 2024, the defendant arranged another firearm deal during which Woody sold the CI a Ruger, EC9S, 9mm pistol, bearing serial number 45509560, for $700, and a "switch," for $700 ACF. Defendant was present for all of the firearm deals.

6. This statement of facts includes those facts necessary to support the plea of guilty by the defendant. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully Submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

Date: 12/10/24      By: /s/ Olivia L. Norman
Olivia L. Norman
Assistant United States Attorney
Katherine E. Groover
Special Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 12/10/2024      Deon Hicks
Deon Lamont Hicks,
Defendant

I am Lawrence H. Woodward, Jr., defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 12/10/2024      /s/ Lawrence H. Woodward
Lawrence H. Woodward, Esq.
Attorney for Defendant

4