IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CORRY ANTOINE WOODY, JR.,<br><br>A.k.a. "Jr.,"<br><br>Defendant. | Criminal No. 3:24-cr-121-2-RCY |

STATEMENT OF FACTS

The United States and the defendant, CORRY ANTOINE WOODY, JR., A.K.A. "JR.," (hereinafter, "the defendant"), agree that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. On May 8, 2024, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, did knowingly sell and dispose of a firearm and ammunition, to wit: a Ruger, EC9S, 9mm pistol, bearing serial number 45509560, to a person, knowing and having reasonable cause to believe that such person had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 2 and 922(d)(1). Also on May 8, 2024, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm, to wit: a Ruger, EC9S, 9mm pistol, bearing serial number 45509560, to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony (as defined in section 932(a)), in violation of Title 18, United States Code, Sections 933(a)(1) and (b). Finally, on May 8, 2024, in the Eastern District

1

of Virginia and within the jurisdiction of this Court, the defendant, did knowingly possess a machinegun, specifically, a combination of parts, commonly known as a "switch" and/or "conversion switch," designed and intended for use in converting a weapon to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, Section 922(o).

2. In March, 2024, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), initiated a proactive investigation into areas of the City of Richmond, Virginia, plagued by violence, which included Fairfield, Mosby, and Gilpin Courts. Between March 20, 2024 and July 30, 2024, ATF conducted numerous controlled purchases of firearms and narcotics, utilizing professional confidential informants ("CIs"). The controlled purchases and interactions between the CIs and dealers were captured on electronic surveillance devices.

3. On May 6, 2024, a CI was introduced to the defendant as someone from whom he could buy firearms, and on that day, the defendant sold the CI a Smith & Wesson, M&P Shield, 9mm pistol, bearing serial number JDM9260, for $545.00. During the transaction, the CI mentioned that he was "going back up top," referring to taking the firearms up to New Jersey to resell. The CI also mentioned to the defendant that he could not get the guns registered because he was a convicted felon.

4. On May 7, 2024, the defendant sold the CI a Privately Made Firearm ("PMF"), pf940C, 9mm handgun, which had a machinegun conversion device attached, for $600.00. The defendant also sold the CI a metal, machinegun conversion device for $600.00. During the transaction the defendant acknowledged that he understood what the machinegun conversion device was by referring to it as a "metal joint," and a "button," both of which are common street-terms for the

devices. He also compared the metal device that he was selling to the 3D-printed switches that can be privately made.

5. On May 8, 2024, the defendant sold the CI a Ruger, EC9S, 9mm, bearing serial number 45509560, for $550.00. The defendant also sold the CI a metal, machinegun conversion device for $700.00.

6. This statement of facts includes those facts necessary to support the plea of guilty by the defendant. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

7. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully Submitted,

Jessica D. Aber
United States Attorney

By: *Katherine E. Groover* (signature)
Katherine E. Groover
Special Assistant United States Attorney
Olivia L. Norman
Assistant United States Attorney

After consulting with my attorney, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Corry Antoine Woody, Jr.,
Defendant

I am John G. Danyluk, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
John G. Danyluk
Attorney for Defendant

4